UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FIRST UNUM LIFE INSURANCE COMPANY,

                              Plaintiff,

   -against-

DAVID ROMAN,

                              Defendant.
-----------------------------------------------------------------X

**REPORT & RECOMMENDATION**

08-CV-4107 (FB)(RER)

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff, First Unum Life Insurance Company ("First Unum"), brings this action against defendant David Roman, seeking to collect an overpayment of disability benefits pursuant to the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, *et seq.* ("ERISA"). In light of defendant's failure to appear in or otherwise defend this action, plaintiff moved for default judgment on January 16, 2009. (Docket Entry 6.) On January 22, 2009, the Clerk of the Court noted defendant's default pursuant to Federal Rule of Civil Procedure 55(a). (Docket Entry 7.) On May 18, 2009, the Honorable Frederic Block granted plaintiff's motion for default judgment and referred the matter to me for Report and Recommendation on the issue of damages. (Docket Entry 9.) For the following reasons, I respectfully recommend that default judgment be entered against defendant Roman in the amount of $48,524.38.

## BACKGROUND

Defendant Roman was a participant in an employee benefit plan which was administered by First Unum. The express provisions of the plan provide that the amount of long-term disability ("LTD") benefits paid to claimants are to be offset by certain sources of income, including Social Security benefits. Prior to receiving a determination regarding his entitlement to

Social Security benefits, Roman elected to have his LTD benefits issued without a Social Security offset, and expressly agreed to reimburse First Unum for any resulting overpayment if he subsequently received such benefits. Eventually, Roman was awarded Social Security benefits, but, despite repeated demands, failed to reimburse First Unum for the overpayment. As a consequence, First Unum initiated this action.

## DISCUSSION

"While a party's default is deemed to constitute a concession of all well-pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) and FED. R. CIV. P. 8(d)). Instead, claims for damages must generally be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed. *Id.* An evidentiary proceeding is required so that the court may ensure that there is a basis for the damages sought before entering judgment in the amount demanded. *See Fustok v. ContiCommodity Servs. Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* FED. R. CIV. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok*, 873 F.2d at 40. Defendant has not submitted any opposition to the papers submitted by the plaintiff and therefore a hearing is not warranted.

**A.     Overpayments**

First Unum asserts its overpayment damages amount to $47,371.93.[1] In support of its

---

[1] As discussed below, this amount reduces at a rate of $175.00 per month.

damages calculations, First Unum submits an affidavit from Douglas R. Allen, the Manager of the Financial Recovery Unit for First Unum. The Court finds that the Allen Affidavit, and the exhibits attached thereto, provide a sufficient evidentiary basis to support this calculation. The Allen Affidavit presents detailed evidence of the amounts paid by First Unum as well as the amounts Roman received from the Social Security Administration ("SSA").

The Allen Affidavit establishes that First Unum paid Roman a total of $104,587.30 in LTD benefits from January 21, 2004 through March 20, 2007.[2] (Allen Aff. Ex. 8.) Under the terms of the policy, Roman's LTD benefits were to be reduced by the amount of any alternative sources of income he received. The Allen Affidavit also establishes that Roman received two types of Social Security disability benefits while First Unum was paying him unreduced LTD benefits. (*Id.* Exs. 7, 12.) First, the SSA awarded Roman $26,913.00[3] in retroactive "primary" benefits for the period beginning June 2005 through August 2006, and $1,823.00 per month, effective September 2006.[4] (*Id.* Ex. 7.) Second, the SSA also awarded Roman $18,044.00 in

---

[2] This amount represents the total (exclusive of taxes) of First Unum's monthly payments over the course of the 38 month period of unreduced benefit payments. (Allen Aff. Ex. 8.) When First Unum became aware of Roman's Social Security awards, it reduced Roman's monthly long-term disability benefits accordingly. It appears that the payments were reduced to account for the "primary" benefits beginning April 2007 (*Id.*), and again reduced in May 2007 to account for the "family" benefits (*Id.* Ex. 9), leaving Roman with a $175 monthly LTD payment.

[3] I recognize that Roman actually received $21,613.00 because $5,300.00 was withheld for attorneys' fees. In its initial demand letter to Roman, First Unum originally discounted the $5,300 in attorneys' fees from its gross overpayment calculation. (Allen Aff. Ex. 8.) However, First Unum now includes this amount in its overpayment calculation. (Allen Aff. ¶ 16.) I have included it in my calculations as well. However, even if I had not, I would still recommend that First Unum be awarded the amount of overpayments it requests. *See infra*, note 6.

[4] Based on the Court's calculations, this amounts to Social Security benefits of $39,054.18 ($26,913.00 + $12,141.18 ($1823 per month between September 2006 and March 20, 2007)).

3

retroactive "family" benefits for the period beginning June 2005 through January 2007, and $940.00 per month, effective February 2007.[5] (Allen Aff. Ex. 12.) Based on the Court's calculations, Roman received a total of $59,598.58[6] in Social Security benefits that were not accounted for by First Unum. Nevertheless, First Unum only requests overpayments totaling $51,221.93,[7] and I recommend basing the damages award on that amount. (Allen Aff. Exs. 10-14.) In August 2007, First Unum began withholding Roman's remaining monthly benefits ($175.00) to recoup the overpayment. Thus, to date, there remains an overpayment of $46,846.93.[8] I respectfully recommend that First Unum be awarded that amount.

**B.** **Attorneys' Fees and Costs**

In an ERISA action, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." *Pease v. Hartford Life Ins. Co.*, 449 F.3d 435, 450 (2d Cir. 2006) (quoting 29 U.S.C. § 1132(g)(1)). In determining whether to award attorneys' fees, courts should consider: (1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorneys' fees, (3) whether an award of fees would deter

---

[5] Based on the Court's calculations, this amounts to Social Security benefits of $20,544.40 ($18,044 + $2,500.40 ($940 per month between February and April 20, 2007)).

[6] Primary ($39,054.18) + Family ($20,544.40) = Total ($59,598.58). Discounting the $5,300 attorneys' fee from my calculation would result in Social Security benefits of $54,298.58, an amount that is also greater than that which First Unum requests in overpayments. In other words, whether my calculations include the $5,300 is immaterial. *See supra*, note 3.

[7] Initially, First Unum estimated an overpayment of $52,320.30. (Allen. Aff. Ex 9.) However, after receiving documentation regarding the "family" Social Security award, First Unum recalculated the overpayment at $51,221.93. (*Id.* Ex. 13.)

[8] On June 3, 2009, Allen submitted a supplemental affidavit with an updated overpayment calculation of $47,371.93. Almost three months have passed since that calculation. As a consequence, I have reduced the amount by $525.00, representing three months of withheld LTD payments.

other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants. *Id.* (citation omitted).

In this case, the Court is unable to determine the degree of Roman's bad faith or ability to satisfy an award of attorneys' fees.[9] However, awarding attorneys' fees in this matter is likely to deter others from defaulting on their reimbursement responsibilities. Moreover, First Unum's position certainly appears meritorious. Finally, the award of overpayments should benefit all plan participants by encouraging the continuation of First Unum's practice of the paying claimants unreduced LTD benefits. As such, I recommend awarding attorneys' fees and costs in this case. *See Genworth Life and Health Ins. Co. v. Beverly*, 547 F. Supp. 2d 186, 188 (N.D.N.Y. 2008).

The standard in the Second Circuit for determining the amount of reasonable attorneys' fees in federal litigation is the "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183-84 (2d Cir. 2008). This amount should represent "what a reasonable, paying client would be willing to pay" for legal services rendered. *Id.* at 184. The "presumptively reasonable fee" is comprised of a "reasonable hourly rate multiplied by a reasonable number of expended hours." *Finkel v. Omega Commc'n Servs, Inc.*, 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008) (citing *Arbor Hill*, 493 F.3d at 117-18). The party seeking reimbursement of attorneys' fees has the burden of demonstrating the

---

[9] It could be argued that, given Roman's disability, there is a presumption that he will not be able to satisfy an award of attorneys' fees and costs. I reject that notion. Even if there was such a presumption, however, it could easily be called into question because the fees and costs in this matter are quite low. Furthermore, other factors weigh heavily in favor of granting such an award.

reasonableness and necessity of hours spent and rates charged. *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983).

In order to set "reasonable" hourly rates, courts compare the attorneys' usual billing rates with the prevailing market rates in the applicable district. *Miele v. N.Y. State Teamsters Conference Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir.1987). Courts in this District have awarded $200-$375 per hour for partners and $200-$325 per hour for associates. *See Jacobson v. Peterbilt Elec. Contracting, Inc.*, 553 F. Supp. 2d 211, 216 (E.D.N.Y. 2008); *see also Mingoia v. Crescent Wall Sys.*, No. 03 Civ. 7143, 2004 WL 1885952, at *5 (S.D.N.Y. Aug. 23, 2004).

Three attorneys worked on this matter for First Unum: Steven P. Del Mauro, a partner, billed at $200-210 per hour; Mee Sun Choi, an associate, billed at $170 per hour; and Joseph R. McCarthy, an associate, billed at $185 per hour. These rates are reasonable in light of the prevailing rates in the Eastern District. I also find the time spent on this matter by Del Mauro, Choi and McCarthy (2.1, 4.5 and .6 hours, respectively) to be reasonable, especially in light of the extent and nature of the briefing involved in this matter. Accordingly, I recommend that plaintiff be awarded $1,305.00 in attorneys' fees. (Choi Certification Ex. 4.)

Plaintiff also seeks $372.45 in costs for litigating this action ($350 for filing fees, $6.45 for photocopies, and $16.00 for telefaxes). (*Id.*) I find the costs reasonable, and therefore recommend that plaintiff be awarded costs in the amount of $372.45.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that default judgment be entered against defendant Roman in the amount of $48,524.38, comprised of (1) $46,846.93 in overpayments; (2) $1,305.00 in attorneys' fees; and (3) $372.45 in costs.

Any objections to the recommendations made in this Report must be filed with the clerk of the Court and the Honorable Frederic Block within ten business days of receipt thereof. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 7, 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). Plaintiff is hereby directed to serve copy of this Report and Recommendation upon defendant and to promptly file proof of service with the Clerk of the Court.

**Dated: August 26, 2009**
      **Brooklyn, New York**

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**